113 F.3d 1243
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William E. HARVEY, Defendant-Appellant.
 No. 95-35547.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1997.*
Decided May 5, 1997.
 
 Appeal from the United States District Court for the District of Montana, Nos. CR-89-60-BLG, CV-93-00194-PGH; James M. Burns, District Judge, Presiding.
 D.Mont.
 AFFIRMED IN PART, REVERSED IN PART.
 Before: REINHARDT and THOMAS, Circuit Judges, and SEDWICK,** District Judge.
 MEMORANDUM***
 William E. Harvey appeals from the order of the district court dismissing his § 2255 petition for lack of subject matter jurisdiction. The district court concluded that Harvey was not "in custody" within the meaning of § 2255. After the briefs for this appeal were filed, but before oral argument, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and the court asked the parties to file supplemental briefs regarding its effect on the appeal. The parties agreed that it had none. In its supplemental brief the government also conceded that Harvey was "in custody" for purposes of § 2255 and that his petition should be reinstated. On the basis of the legal positions advanced by the government in its brief, we hold as follows:
 First, Harvey is not subject to the certificate of appealability provisions of the AEDPA because he filed his notice of appeal before the AEDPA was signed into law.[1] Second, under the AEDPA, petitioners must file petitions for habeas relief within one year of the date on which the judgment of conviction becomes final or April 24, 1997, whichever comes later. Because Harvey filed his § 2255 petition within one year of the date that his judgment of conviction became final, and before April 24, 1997, his petition would be timely under either prong. Finally, Harvey is "in custody" within the meaning of § 2255 because supervised release constitutes "custody" for the purposes of § 2255. See, e.g., Kusay v. United States, 62 F.3d 192, 193 (7th Cir.1995); United States v. Essig, 10 F.3d 968, 970 n. 3 (3d Cir.1993). The district court has jurisdiction to entertain Harvey's petition for habeas relief even though his term of supervised release will not commence until after he completes a prison term imposed on account of a separate conviction. Garlotte v. Fordice, 115 S.Ct. 1948, 1952 (1995) (holding that "a prisoner serving consecutive sentences is 'in custody' under any one of them" for purposes of collateral review). Accordingly, we reverse the order of the district court dismissing Harvey's petition.
 As to the remaining issue raised by Harvey on appeal, we affirm the order of Judge Shanstrom denying Harvey's motion to recuse Judge Burns. After reviewing the record, including the contents of "document no. 74," we conclude that no grounds for recusal exist. See Liteky v. United States, 510 U.S. 540, 555 (1994).
 Harvey's motion to impose sanctions is DENIED. Harvey's motion to expand the record on appeal is DENIED.
 AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation
 
 
 **
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Our holding here is not based on our decision in Jeffries v. Wood, 103 F.3d 827 (9th Cir.1996) (en banc). Instead, we rely on the fact that the COA provisions of the AEDPA govern the filing of an appeal and Harvey's appeal was filed before the AEDPA became law